UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VLADIK BYKOV, Plaintiff, v. STEVEN G. ROSEN, Defendant. | CASE NO. 2:26-cv-00516-TL<br><br>ORDER ON MOTION TO DISMISS |

This matter is before the Court on Defendant Steven G. Rosen's Motion to Dismiss. Dkt. No. 9. Having reviewed Defendant's motion, Plaintiff Vladik Bykov's response (Dkt. No. 12), Defendant's reply (Dkt. No. 13), and the relevant record, the Court GRANTS the Defendant's motion and DISMISSES this case WITH PREJUDICE.

## I. BACKGROUND

This case arises from Plaintiff's claims under 42 U.S.C. § 1983 that now-retired Judge Steven Rosen violated Plaintiff's constitutional rights. Dkt. No. 1 (complaint) at 8. Plaintiff alleges that Defendant: "prohibit[ed Petitioner] from participating as [an] observer in his virtual

'Zoom' courtroom hearings"; "prohibited [Petitioner] from contacting him and his bailiff"; and then held a non-public, "secret trial . . . without giving prior notice of the charges against [Plaintiff]," where Defendant Rosen "[found Petitioner] guilty of stalking . . . through falsified evidence." *Id.* at 9–10.

Specifically, Plaintiff asserts violations of: the Equal Protection Clause under the Fourteenth Amendment of the U.S. Constitution (Claim 1); the Sixth Amendment of the U.S. Constitution (Claims 2, 4, and 5); the Due Process Clause under the Fourteenth Amendment of the U.S. Constitution (Claims 3, 10, 11, and 12); the First Amendment of the U.S. Constitution (Claims 7, 8, and 9); and Article I, Section 12 of the Washington State Constitution (Claim 13). *Id.* at 9–12. Additionally, Plaintiff claims that RCW 9A.46.110 (stalking statute) is unconstitutional because it is "overbroad and likewise unconstitutional as interpreted and applied to [Petitioner's] course of conduct" (Claim 6). *Id.* at 10.

Plaintiff seeks declaratory relief from this Court to find and declare that Defendant "violated [Petitioner's] constitutional rights" and that RCW 9A.46.110(1)(a)(i) is "unconstitutional and that [Petitioner] did not violate the statute." *Id.* at 12.

On April 24, 2026, Defendant filed the instant Motion to Dismiss (Dkt. No. 9), along with a declaration (Dkt. No. 10 (Rosen Decl.)). Plaintiff filed a response on May 15, 2026 (Dkt. No. 12) and Defendant filed a reply on May 22, 2026 (Dkt. No. 13).

## II. Legal Standard

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. When reviewing a dismissal pursuant to Rule 12(b)(6), "we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[], the non-moving party." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)). However, courts are "not 'required to accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

## III. Discussion

Plaintiff's complaint alleges that Defendant (1) barred Plaintiff from observing his proceedings via Zoom or contacting his chambers and (2) conducted a secret trial, convicting Plaintiff of RCW 9A.46.110. Dkt. No. 1 at 5, 7, 9–12. Defendant argues that this matter should be dismissed because all of Plaintiff's claims are barred by judicial immunity (Dkt. No. 9 at 4–7), Eleventh Amendment immunity (*id.* at 7–9), or are unfounded (*id.* at 6–7).

### A. Incorporation by Reference

As a preliminary matter, the Court addresses Defendant's request that it consider the letter submitted by Defendant as an exhibit attached to his declaration. Dkt. No. 10 at 4. While Defendant refers to the doctrine of "judicial notice" (*see* Dkt. No. 9 at 4), Plaintiff correctly notes that the appropriate doctrine here is incorporation by reference (Dkt. No. 12 at 3). Under

incorporation by reference, a court may "consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a document may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Parrino v. FHP, Inc.,* 146 F. 3d 699, 706 (9th Cir. 1998) (" . . . a district court ruling on a [12(b)6] motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.").

In this case, Plaintiff refers to this letter throughout his complaint (Dkt. No. 1 at 7 ¶ 33–36), relies on it to allege that Defendant held a "secret criminal trial" (*id.* at 7 ¶ 32), uses it as the basis for ten of his claims related to this "secret trial" (Claims 2, 3, 4, 5, 6, 9, 10, 11, and 12) (*id.* at 9–12), and uses it as the basis for his First Amendment claims (Claims 7 and 8) (*id.* at 10–11). Plaintiff also does not oppose the Court considering the document and does not question its authenticity. *See* Dkt. No. 12 at 3–4. Accordingly, the Court will consider the letter for the purpose of Defendant's Motion to Dismiss.

**B. Plaintiff's Claims**

**1. Claims 1, 7, 8, and 13 Fail to State a Plausible Claim Because They Are Barred By Judicial Immunity**

**a. Judicial Immunity**

"Absolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho State. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). *See also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (when a judge performs an act within

their official capacity, they are "absolutely immune" from liability) (citation omitted); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (citation omitted); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("It is well settled that Judges are generally immune from civil liability under section 1983" (citing *Mireles v. Waco,* 502 U.S. 9, 9–10 (1991)). When determining whether an act by a judge is considered judicial for the purposes of judicial immunity, courts consider whether:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in [their] official capacity.

*Duvall*, 260 F.3d at 1133 (quoting *Meek*, 183 F.3d at 967). There are two situations in which absolute immunity may not apply to a judge: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's official capacity," *Meek*, 183 F.3d at 965; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* Courts can consider judicial immunity when ruling on a Rule 12(b)(6) motion to dismiss. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

**b. The Applicability of the Judicial Immunity Doctrine**

Plaintiff lacks a cognizable legal theory for Claims 1, 7, 8, and 13 because Defendant's conduct related to these claims is shielded by judicial immunity. Here, the acts complained of in these claims all relate to judicial acts of Defendant. At the time of the alleged conduct, Defendant was a King County Superior Court Judge and had the inherent authority to control and manage his proceedings. *State v. Gassman*, 175 Wn.2d 208, 210–11, 283 P.3d 1113 (2012); *see also* RCW 2.28.010. Therefore, Defendant had the discretion to determine whether a litigant or observer may attend via Zoom the court proceedings Defendant oversaw. *See* Washington

Superior Court Civil Rule 1; Washington Superior Court Criminal Rule 3.4. Because Defendant's authority to manage proceedings is a "normal judicial function," as is his communicating the manner in which he would control and manage his proceedings, it satisfies the first *Duvall* factor. *See* 260 F.3d at 1133.

Furthermore, Plaintiff and Defendant's communications about the proceedings were through email via the court bailiff, per the direction of Defendant. Dkt. No. 1 at 4–7 (detailing email communications between Plaintiff and Defendant's bailiff); Dkt. No. 10 ¶ 2. Defendant asserts that, given the context of Defendant directing his bailiff to send the email during business hours, these communications likely occurred in Defendant's chambers. Plaintiff does not dispute, or even reference this assertion. *See generally* Dkt. No. 12. Therefore, Defendant satisfies the second *Duvall* factor. *See* 260 F.3d at 1133. The third *Duvall* factor is met because the controversy surrounding the prohibition on Petitioner from attending hearings on August 12, 2022, over Zoom as well as the subsequent communications regarding the requested access all centered around cases pending before Defendant in his judicial capacity. Dkt. No. 1 at 5 ¶¶ 17–18; *see Duvall*, 260 F.3d at 1133. Lastly, the fourth *Duvall* factor is satisfied because Plaintiff's allegations "arose directly and immediately out of a confrontation with [Defendant] in his [] official capacity" as a superior court judge. *See* 260 F.3d at 1133.

As all the *Duvall* factors are satisfied and neither exception to judicial immunity applies here, the Court concludes that Defendant's conduct was judicial in nature and any claims arising from it are barred. The Court DISMISSES all claims (Claims 1, 7, 8, and 13) related to these allegations.

//

//

//

### 2. Claims 2, 3, 4, 5, 6, 9, 10, 11, and 12 Fail to State a Claim Because They Rely On Unreasonable Inferences

Claims 2, 3, 4, 5, 6, 9, 10, 11, and 12 all stem from Plaintiff's allegations that Defendant conducted a "secret trial." Defendant argues that these claims are unfounded, result from Plaintiff's unreasonable inferences, and, therefore, cannot plausibly state a claim and should be dismissed. Dkt. No. 9 at 6–7. The Court agrees—such claims of a "secret trial" are the result of Plaintiff's unreasonable inference from Defendant's letter. Plaintiff's allegations that Defendant convicted him of a crime after presiding over a "secret trial" (Dkt. No. 1 at 9–12) are unfounded and are not supported by the letter or the allegations that Plaintiff pleads in his complaint. *See Sprewell*, 266 F.3d at 988 (courts are not required to accept as true allegations that contradict matters properly subject to judicial notice or by exhibit).

In our judicial system, trials are conducted through official courtroom proceedings in front of a jury or judge. Plaintiff alleges that the trial took place "in [Defendant]'s mind," not before a jury or through a bench trial where Plaintiff was present. Dkt. No. 12 at 11. Moreover, the letter authored by Defendant does not state or imply that a trial was conducted at all, or that Plaintiff had been convicted of any crime. Dkt. No. 10 at 4. In fact, nothing in the letter even so much as implies Plaintiff has been charged with a crime. *Id*. Instead, the letter clearly warned Plaintiff that if he continued to contact Defendant or Defendant's bailiff, Defendant would "seek an antiharassment order and ask the prosecutor to file criminal harassment and stalking charges against [Plaintiff]." *Id*. Here, it is clear to the Court that there was no trial or conviction of Plaintiff under RCW. 9A.46.110, therefore, the Court rejects such alleged facts. *See Clegg*, 18 F.3d 752, 754–55 (rejecting allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences).

Because the basis of Claims 2, 3, 4, 5, 6, 9, 10, 11, and 12 are that Defendant conducted a secret trial—an allegation that cannot possibly be true—Plaintiff's allegations fail to connect his constitutional claims to the underlying facts of the matter. Accordingly, Plaintiff's complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ P. 12(b)(6). Therefore, the Court DISMISSES Claims 2, 3, 4, 5, 6, 9, 10, 11, and 12.

* * *

The Court need not reach Defendant's Eleventh Amendment immunity argument (Dkt. No. 9 at 7–9) as judicial immunity or failure to state a claim bar all of Plaintiff's claims.

**C. Leave to Amend**

Lastly, the Court will not give Plaintiff leave to amend and dismisses this matter with prejudice. First, Defendant's judicial immunity is fatal to Plaintiff's claims related to Defendant's control and management of his proceedings. Second, "the pleading could not possibly be cured by the allegation of other facts" related to Plaintiff's unfounded allegations about a secret trial. *See Cook, Perkiss, and Liehe, Inc., v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citation omitted). Therefore, any amended complaint alleging the same thing will also be futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988), *amended by*, 856 F.2d 111 (9th Cir. 1988); *Little v. Ambler*, 22 F. App'x 764, 765 (9th Cir. 2001) (holding that district court did not abuse discretion in denying leave to amend because judicial immunity was fatal to plaintiff's claim) (citation omitted).

//

//

//

//

//

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 9) is GRANTED. Plaintiff's Complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE. Additionally, Defendant's Motion to Stay Discovery and Extend Discovery Deadlines (Dkt. No. 14) is DENIED as moot.

Dated this 21st day of August, 2026.

Tana Lin
United States District Judge